Daniel, J.
 

 The special verdict in this case found is, that the defendant was slightly intoxicated
 
 one
 
 day, near a public street in the town of Lawrenceville, during the sitting of
 
 the
 
 Superior Court. He was a hundred yards from the court
 
 *373
 
 house, and did not disturb the court. For this act of enness, he might have been, by force of the act of assembly, fined twenty-five cents by a judgment of a justice of the peace. It is also found by the verdict, that the defendant, at the same
 
 time
 
 and place, made use of profane language, curs,, ing and swearing, and also abusive and vulgar language, when he was speaking about the judicial conduct of the judge then holding the court, and also the grand-jury. The defendant was liable, under the act of assembly, to a conviction befare a justice, and to have been fined twenty-five cents “ for every oath or curse.” But, it is only when the act or acts done by a person, or the omission to act by a person, who by law-ought to act, operate to the .annoyance, detriment or disturbance of the publiG at large, that the offender becomes amenable to the public by way of indictment at common law. So far from either of the two facts found by the verdict, or both combined, coming up to the above definition of a public nuisance, the verdict expressly finds, that the people were not disturbed in their business or conversation by him. There are many immoral acts and vicious conduct of persons, which bring down the indignation
 
 of
 
 every virtuous man, in regard to which the legislature have not thought society would be much aided by having the delinquents indicted; they are left to the correction of the religious and moral influence of society itself. We think that the judgment was right, and so it must be certified.
 

 Per Curiam, Ordered to be certified accordingly..